[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 21, 2010
JOHN LEY
CLERK

No. 09-13108
Non-Argument Calendar

_____

D. C. Docket No. 08-22074-CV-JLK

MARK STAMMEL,

Plaintiff-Appellant,

versus

ACE AMERICAN INSURANCE COMPANY,
a foreign corporation,
TOTAL DOLLAR MANAGEMENT EFFORT, LTD.,
a foreign corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 21, 2010)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Mark Stammel appeals an adverse Summary Judgment in favor of Ace American Insurance Company which had denied coverage to Stammel for the total loss by fire and the sinking of his yacht. At the time of the casualty, the vessel was insured by ACE, which denied coverage because the vessel was not equipped with an automatic fire extinguishing system in the engine pursuant to the following policy provision:

> FIRE EXTINGUISHING AGREEMENT
> You agree that your yacht is equipped with a built-in and automatic system of fire extinguishing apparatus, properly installed in the engine room and maintained in good and efficient working order.

On appeal, Stammel argues: (1) that ACE is precluded from applying this provision because the parties previously agreed that the Vessel was equipped with an automatic system of fire extinguishing apparatus; (2) that the phrase "automatic system of fire extinguishing apparatus" is ambiguous; and (3) ACE is estopped from denying coverage because ACE knew the specific type of fire equipment on board prior to binding coverage, never objected, and issued insurance nevertheless.

Having reviewed the record and considered the argument of the parties, we find no reversible error in the district court's conclusion that the Fire Extinguishing

2

Agreement was not ambiguous, reasoning that the word "automatic" means

"without human intervention" and Stammel did not comply with the condition of

the policy as the system on his yacht required human activation.

AFFIRMED